## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## ST LOUIS DIVISION

| | | |
|---|---|---|
| CINDY LOVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. _____ |
| | ) | |
| SHERIFF STEPHEN KORTE, in his | ) | |
| individual and official capacities, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| MAJOR JOSH BAKER, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEPUTY JOSH LANGLEY, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DETECTIVE JOSEPH MINOR, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT PURSUANT TO 42 U.S.C. SECTION 1983 FOR VIOLATION OF CIVIL RIGHTS PROTECTED BY THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

### Preliminary Statement

1.      This is a civil rights action in which plaintiff Cindy Lovins seeks relief for

violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983

and by the United States Constitution, including the Fourth, Fifth, and Fourteenth Amendments, as well as claims for replevin pursuant to Missouri state law.

## Jurisdiction

2.     The rights this action seeks to vindicate are secured by the Constitution of the United States and 42 U.S.C. § 1983. This Court has jurisdiction as provided by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress of Lovins's constitutional rights.

3.     This Court has supplemental jurisdiction over all Missouri law claims pleaded herein, as provided by 28 U.S.C. § 1367(a).

## Venue

4.     All relevant events occurred within the geographical boundaries of the Eastern District of Missouri, and therefore venue is proper for the United States District Court, Eastern District of Missouri, as provided by 28 U.S.C. § 1391(b)(2).

## Jury Trial Demanded

5.     Lovins demands a jury trial for every claim pleaded herein.

## Parties

6.     Plaintiff Cindy Lovins is a citizen and resident of the United States, and was a resident of the State of Missouri at all relevant times.

7.     Lovins was a licensed gun dealer who openly and lawfully operated a gun dealership located in Pike County, Missouri for a period of years in the 1980s.

8.     Lovins is now retired from dealing guns, but she lawfully owns a large stock of guns, ammunition, and gun tools and accessories.

9.     Sheriff Stephen Korte ("Korte") is the elected sheriff of Pike County, Missouri, and he is named herein in both his individual and official capacities.

10.    At all relevant times, Korte acted under color of law in the course and scope of his duties as a duly appointed and acting officer, agent, and policymaker of the Pike County Sheriff's Department.

11.    Korte is the policymaker for the office of Pike County Sheriff. V.A.M.S. § 57.010 (providing that the Sheriff of a county is the "chief law enforcement officer of that county.").

12.    Major Josh Baker ("Baker") is a Pike County Sheriff's Deputy. Baker is named herein solely in his individual capacity.

13.    At all relevant times, Baker acted under color of law in the course and scope of his duties as a duly appointed and acting officer and agent of the Pike County Sheriff's Department.

14.    Deputy Josh Langley ("Langley") is a Pike County Sheriff's Deputy. Langley is named herein solely in his individual capacity.

15.    At all relevant times, Langley acted under color of law in the course and scope of his duties as a duly appointed and acting officer and agent of the Pike County Sheriff's Department.

16.    Detective Joseph Minor ("Minor") is a Pike County Sheriff's Deputy. Minor is named herein solely in his individual capacity.

17.   At all relevant times, Minor acted under color of law in the course and scope of his

duties as a duly appointed and acting officer and agent of the Pike County

Sheriff's Department.

**Facts Common to All Counts**

18.   On or about September 6, 2014, at approximately 10:00 PM, Defendants

responded to an alleged domestic disturbance at the home of Cindy Lovins.

19.   Defendants interviewed several witnesses outside the Lovins residence and

arrested James Dougherty outside the Lovins residence.

20.   Defendants did not arrest Cindy Lovins at that time.

21.   Before arresting James Dougherty, Defendants entered and searched Cindy

Lovins's home without a warrant, probable cause, exigent circumstances, or

consent.

22.   Defendants had no sufficient justification to enter and search the Lovins residence

without a warrant.

23.   Shortly thereafter, Defendants searched the Lovins residence indiscriminately, and

removed the following items of personal property that belong to Cindy Lovins:

a.   More than thirty guns,

b.   ammunition,

c.   clips, slings, gun assembly tools, oil and grease, gun parts, and gun

accessories,

d.   jewelry,

e.   coins of numismatic interest,

    f.  tents and camping supplies,

    g.  tools,

    h.  other personal items.

24.    Defendants continued searching the Lovins residence and removing personal property until approximately 2:00 AM the morning of September 7th, 2014.

25.    Defendants returned on or about 9:30 AM September 8, 2014 and coerced Lovins into signing a consent-to-search form, threatening Lovins by telling her that if she failed to sign the form, they would return for 2 to 3 weeks with a local television crew, tear her property apart in search of drugs, and broadcast it.

26.    Defendants then resumed the search, removing personal property in bulk and indiscriminately for a period of time ending at approximately 12:00 PM September 8.

27.    In the course of their bulk, indiscrimate, and continuing confiscation of Lovins's property, Defendants removed the following items of personal property that belong to Cindy Lovins:

    a.  computers and an iPad with iPad charger,

    b.  jewelry,

    c.  coins of numismatic interest,

    d.  prescription pill bottles containing Lovins's prescription medication,

    e.  Lovins's prescribed injectable drugs, which are perishable, expensive, and must be kept refrigerated.

28.   Upon finding Lovins's prescription drugs, Defendants accused Lovins of possessing cocaine.

29.   Defendants returned a few hours later and arrested Lovins on charges of felony possession of cocaine.

30.   Lab tests conducted at the behest of Defendants concluded that the drugs in question were not cocaine, but instead were methylphenidate.

31.   Methylphenidate is a prescription drug known by the brand name Ritalin.

32.   Lovins is prescribed methylphenidate by her physician.

33.   As the result of her arrest, Lovins spent four days in jail.

34.   While in jail, jailers refused to provide Lovins with medicine prescribed by her physician.

35.   Exhibit 1, attached hereto, is a true and accurate copy of Pike County Sheriff's Office Incident Report for case number 14-502.

36.   Defendants' purported reasons for investigating Lovins are set forth in the Incident Report, attached hereto as Exhibit 1.

37.   Exhibit 2, attached hereto, is a true and accurate copy of Pike County Incident Report Supplements filed by Baker, Minor, and Jim Suchland DSN 423.

38.   Defendants' purported reasons for investigating Lovins are set forth in the Incident Report Supplements, attached hereto as Exhibit 2.

39.   Exhibit 3, attached hereto, is a true and accurate copy of a Confidential Narcotics Report filed by Trooper D.A. Bickell.

40.     Defendants' purported reasons for investigating Lovins are set forth in the Confidential Narcotics Report, attached hereto as Exhibit 3.

41.     Exhibit 4, attached hereto, is a true and accurate copy of a St. Charles County Cyber Crime Unit Request for Service for case number 14-502, attached hereto as Exhibit 4.

42.     Defendants' purported reasons for searching Lovins's computers are set forth in the Cyber Crime Unit Request for Service, attached hereto as Exhibit 4.

43.     Exhibit 5, attached hereto, is a true and accurate copy of two distinct Pike County Sheriff's Office Evidence Logs for case 14-502.

44.     A partial list of evidence seized in the course of investigating Lovins is set forth in the Evidence Logs, attached hereto as Exhibit 5.

45.     The Prosecuting Attorney of Pike County, Missouri dismissed by motion the criminal charges against Lovins on April 8, 2015, after laboratory tests determined that Lovins's lawfully-possessed prescription drugs were not cocaine.

46.     A true and accurate copy of the Prosecuting Attorney of Pike County, Missouri's motion to dismiss is attached hereto as Exhibit 6.

47.     After the criminal charges against her were dismissed, Lovins demanded that Korte return her property.

48.     Korte refused to return Lovins's property.

49.     Korte continues to refuse to return Lovins's property.

50.    Korte's continuing refusal to return Lovins's property is not a random and
       unauthorized act, but is pursuant to official policy set by Korte, as the relevant
       policymaker.

51.    Defendants undertook all actions set forth herein without prior advice of legal
       counsel.

52.    The property at issue herein has a value, in sum, greater than $100,000.

## COUNT I – Lovins's Claims Under § 1983

## COUNT I(A) – Unreasonable Search

53.    Defendants entered and searched the Lovins residence the night of September 6,
       2014 without consent, a warrant, exigent circumstances, or probable cause.

54.    Defendants' warrantless entry into the Lovins residence and search thereof without
       consent, a warrant, exigent circumstances, or probable cause violated Lovins's
       Fourth Amendment right against unreasonable searches.

55.    Such right was well established at the time of the entry and search. *Schneckloth v.
       Bustamonte*, 412 U.S. 218, 219 (1973).

56.    Defendants entered and searched the Lovins residence without consent, a warrant,
       exigent circumstances, or probable cause, pursuant to an official policy of the Pike
       County Sheriff.

57.    Defendants' warrantless entry into the Lovins residence and warrantless search
       thereof without probable cause or consent was not a random or unauthorized
       event.

58.  Defendants' warrantless entry and search caused property damage and loss of property.

59.  Defendants' warrantless entry and search was motivated by their evil intent or their callous indifference to Lovins's federally protected rights.

**WHEREFORE,** Plaintiff Cindy Lovins prays for damages under § 1983 for Defendants' entry and search of her property in violation of the Fourth Amendment to the United States Constitution, for property damage, physical, psychological and emotional injury, humiliation, embarrassment, costs and expenses, for punitive damages to punish the individually-named defendants for their outrageous conduct, and for attorney's fees as provided by 42 U.S.C. § 1988.

## COUNT I(B) – Unreasonable Seizure

60.  Defendants seized Lovins's guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, jewelry, coins of numismatic interest, tents and camping supplies, computers and iPad with iPad charger, prescription drugs, tools, and other personal items without a warrant, without suspicion that such personal items were the fruits, instrumentalities, or evidence of crime, and not incident to any arrest.

61.  Such seizure violated Lovins's Fourth Amendment rights against unreasonable seizures.

62.  Such rights were well established at the time of Defendants' actions. *Chimel v. California*, 395 U.S. 752 (1969).

63.  Defendants seized Lovins's guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, jewelry, coins of numismatic interest, tents and camping supplies, computers and iPad with iPad charger, prescription drugs, tools, and other personal items without suspicion that such personal items were the fruits, instrumentalities, or evidence of crime, and not incident to any arrest, pursuant to an official policy of the Pike County Sheriff.

64.  Such seizure was not a random or unauthorized event.

65.  Such seizure caused property damage and loss of property.

66.  Such seizure was motivated by Defendants' evil intent or callous indifference to Lovins's federally protected rights.

**WHEREFORE,** Plaintiff Cindy Lovins prays for damages under § 1983 for Defendants' seizure of her personal property in violation of the Fourth Amendment to the United States Constitution, for property damage, physical, psychological and emotional injury, humiliation, embarrassment, costs, and expenses, for punitive damages to punish the individually-named defendants for their outrageous conduct, and for attorney's fees as provided by 42 U.S.C. § 1988.

### COUNT I(E) – Unlawful Arrest

67.  Defendants arrested Lovins without probable cause to believe that Lovins had committed a crime.

68.  Such arrest without probable cause violated Lovins's Fourth Amendment right against unreasonable seizures.

10

69.     Such right was well established at the time of Lovins's arrest. *Beck v. Ohio*, 379 U.S. 89 (1964).

70.     As the result of Defendants' arrest of Lovins without probable cause to believe that Lovins had committed a crime, Lovins spent four days in jail.

71.     While in jail, jailers refused to provide Lovins with medicine prescribed to her by doctor.

72.     The jailers' refusal to administer Lovins medicine prescribed to her by her doctor caused Lovins to endure physical pain, suffering, loss of sleep, emotional distress, and humiliation.

73.     Defendants' arrest of Lovins was motivated by their evil intent or their callous disregard for Lovins's federally protected rights.

    **WHEREFORE,** Plaintiff Cindy Lovins prays for damages under § 1983, for Defendants' arrest of her in violation of the Fourth Amendment to the United States Constitution, for property damage, physical, psychological and emotional injury, humiliation, embarrassment, costs, and expenses, for punitive damages to punish him for their outrageous conduct, and for attorney's fees as provided by 42 U.S.C. § 1988.


## COUNT I(D) – Procedural Due Process Violation

74.     Korte's continuing refusal to return Lovins's property violates her procedural due process rights under the Fourteenth Amendment.

75.     Such rights were well established at the time of Korte's actions. *Lathon v. City of St. Louis*, 242 F.3d 841 (8th Cir. 2001).

76. Korte's continuing refusal to return Lovins's property is pursuant to an official policy set by Korte, as the relevant policymaker.

77. Korte's continuing refusal to return Lovins's property caused property damage and loss of property.

78. Korte's continuing refusal to return Lovins's property is motivated by his evil intent or his callous disregard for Lovins's federally protected rights.

**WHEREFORE,** Plaintiff Cindy Lovins prays for damages under § 1983 for Defendants' refusal to return her property in violation of the Fourteenth Amendment to the United States Constitution, for property damage, physical, psychological and emotional injury, humiliation, embarrassment, costs and expenses, for punitive damages to punish the individually-named defendants for their outrageous conduct, and for attorney's fees as provided by 42 U.S.C. § 1988.

## COUNT II – Replevin Pursuant to Missouri Law

79. Lovins has demanded that Korte return her guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, jewelry, coins of numismatic interest, tents and camping supplies, computers and iPad with iPad charger, prescription drugs, tools, and other personal items.

80. Korte refuses to return Lovins's guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, jewelry, coins of numismatic interest, tents and camping supplies, computers and iPad with iPad charger, prescription drugs, tools, and other personal items.

81.   Korte's continuing refusal to return Lovins's property is pursuant to an official policy set by Korte, as the relevant policymaker.

82.   Korte does not have title to Lovins's guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, jewelry, coins of numismatic interest, tents and camping supplies, computers and iPad with iPad charger, prescription drugs, tools, and other personal items.

83.   Korte does not have a legal right to retain Lovins's guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, jewelry, coins of numismatic interest, tents and camping supplies, computers and iPad with iPad charger, prescription drugs, tools, and other personal items.

84.   Lovins has the right of possession of the guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, computers and iPad with iPad charger, jewelry, coins of numismatic interest, tents and camping supplies, tools, prescription drugs, and other personal items that Korte retains.

85.   Lovins has title to the guns, ammunition, clips, slings, gun assembly tools, oil and grease, gun parts, gun accessories, computers and iPad with iPad charger, jewelry, coins of numismatic interest, tents and camping supplies, tools, prescription drugs, and other personal items that Korte retains.

86.   Korte's continuing refusal to return Lovins's property is motivated by his evil intent or his callous disregard for Lovins's federally protected rights.

   **WHEREFORE,** Plaintiff Cindy Lovins prays for a writ of replevin commanding Korte to return Lovins's personal property, for punitive damages to punish the

individually-named defendants for their outrageous conduct, for costs and expenses, and

for attorney's fees as provided by 42 U.S.C. § 1988.

Respectfully Submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

BY:   /s / Robert Herman                    #32376MO
        Robert Herman,

        /s/ Edward Wells                        #68471MO
        Edward Wells,

        8820 Ladue Road, Suite 201
        St. Louis, Missouri 63124
        Phone:   (314) 862-0200
        Fax:  (314) 862-3050
        E-mail: bherman@laduelaw.com
                   ewells@laduelaw.com
        *Attorneys for Plaintiff Cindy Lovins*

**COMBS LAW GROUP LLC**

BY:   /s/ Christopher M. Combs         #65512MO
        8820 Ladue Rd., Ste. 201
        St. Louis, MO 63124
        Phone: (314) 862-0200
        Fax:  (314) 862-3050
        E-mail: combschris1@gmail.com
        *Attorney for Plaintiff Cindy Lovins*